

FILED
10/7/2021 MO

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

RECEIVED

OCT 07 2021

MAGISTRATE JUDGE SUSAN E. COX
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   Violations: Title 18, United States |
| | )   Code, Sections 1028A and 1343 |
| RIDWAN ADELEKE ADEPOJU | ) |
| also known as "Leke Babatunde," | ) |
| "Ridwan Babatunde," | ) |
| and "Charles Dollar" | ) |

1:21-CR-00630

JUDGE KENNELLY
MAGISTRATE JUDGE JANTZ

## COUNT ONE

The SPECIAL JULY 2021 GRAND JURY charges:

1.    At times material to this indictment:

       a.    Company A was a law firm located in Chicago, Illinois.

       b.    Company B was a casino located in Las Vegas, Nevada.

       c.    Company C was an agricultural business located in Rosemont, Illinois.

       d.    Employee A.B. worked for Company C in the Northern District of Illinois. Employee A.B. resided in the Northern District of Illinois.

       e.    Employee M.B. worked for Company C in New York state.

       f.    Company D was a health care service located in Atlanta, Georgia.

       g.    Company E was an automotive business located in Wheeling, Illinois.

       h.    The IRS required that companies report the earnings of employees earning more than $600 annually on Form W-2. Among other personal identifiable information, Form W-2 lists the employee's name, home address, and

social security number.

i.     Phishing referred to the fraudulent practice of sending emails purporting to be from reputable sources in order to induce individuals to reveal personal information, such as social security numbers, or to transfer funds.

2.     From no later than in or around February 2017, and continuing through at least in or around April 2019, in the Northern District of Illinois, Eastern Division, and elsewhere,

RIDWAN ADELEKE ADEPOJU<br>
also known as "Leke Babatunde,"<br>
"Ridwan Babatunde," and "Charles Dollar,"

defendant herein, and others known and unknown to the Grand Jury, knowingly devised, intended to devise, and participated in a scheme to defraud Company A, Company B, Company C, Company D, Company E, and others (collectively, the "Victims"), and to obtain money, funds, and property belonging to the Victims, by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3.     It was part of the scheme that defendant RIDWAN ADELEKE ADEPOJU and co-schemers sent phishing emails to the Victims in which they pretended to be high-level employees of the Victims' businesses. The emails directed the recipients to either send W-2 forms to ADEPOJU or his co-schemers or wire funds to accounts controlled by ADEPOJU or his co-schemers. Once the Victims sent W-2 Forms, ADEPOJU or co-schemers used the employees' personal identifiable information to file fraudulent tax returns with the IRS in order to obtain

2

unauthorized tax refunds. ADEPOJU then directed other individuals, known as money mules, to withdraw the fraud proceeds and wire the funds to co-schemers in Nigeria.

*Phishing Attack on Company A*

4.     It was further part of the scheme that, in approximately February 2017, defendant ADEPOJU and co-schemers emailed Company A, purporting to be Company A's Chief Financial Officer. The email, sent from md.biz@aol.com, requested the W-2 forms of Company A's employees for 2016. An employee of Company A ultimately sent ADEPOJU and co-schemers approximately 850 employee W-2 forms.

*Phishing Attack on Company B*

5.     It was further part of the scheme that defendant ADEPOJU obtained stolen login credentials for a Comcast internet account subscribed to by Individual T.Z. in St. Paul, Minnesota. ADEPOJU then created numerous additional email addresses linked to this compromised Comcast account, including ceo_port@comcast.net, ceo_portals@comcast.net, and ceo.server@comcast.net.

6.     It was further part of the scheme that, in approximately February 2018, defendant ADEPOJU and co-schemers emailed Company B, purporting to be Company B's Chief Financial Officer. The email, sent from ceo_port@comcast.net, requested the W-2 forms of Company B's employees for 2017. An employee of Company B ultimately sent ADEPOJU and co-schemers approximately 3,000 employee W-2 forms.

*Phishing Attack on Company C*

7.      It was further part of the scheme that, in approximately February 2017, defendant ADEPOJU and co-schemers emailed Company C, purporting to be Company C's Chief Executive Officer. The email, sent from secure.servers@aol.com, requested the W-2 forms of Company C's employees for 2016. An employee of Company C ultimately sent ADEPOJU and co-schemers approximately 289 employee W-2 forms.

*Filing of Fraudulent Tax Returns*

8.      It was further part of the scheme that, after fraudulently obtaining W-2 forms from Company C, ADEPOJU and co-schemers filed tax returns for Company C employees without authorization in order to unlawfully obtain tax refunds from the IRS, including tax returns using stolen W-2 forms with the names and social security numbers of Individual A.B. and Individual M.B.

*Fraudulent Wire Transfer from Company D*

9.      It was further part of the scheme that, in approximately February 2018, defendant ADEPOJU and co-schemers emailed Company D, purporting to be Company D's Chief Executive Officer. The email, sent from ceo_portals@comcast.net, requested a wire transfer of $46,800. An employee of Company D ultimately wired $46,800 to an account in the name of Individual W.G.

10.     It was further part of the scheme that, at the direction of ADEPOJU and co-schemers, Individual W.G. withdrew funds sent by Company D to her account, and wired the proceeds to Co-Schemer N.E.

*Use of Romance Fraud Victims as Money Mules*

11.     It was further part of the scheme that ADEPOJU and co-schemers contacted numerous individuals through dating websites and social media applications and pretended to be people who were romantically interested in them. In fact, ADEPOJU and his co-schemers were falsely representing their identity, including by using names and photographs of other individuals to further the purported online romance. Among the individuals that ADEPOJU contacted were Individual W.G., Individual J.H., and Individual D.A.

12.     It was further part of the scheme that, after establishing false relationships with individuals online, ADEPOJU and co-schemers asked these individuals to open bank accounts to receive deposits, or to send money via money transfer services. ADEPOJU and co-schemers lied about the true source of funds sent to these individuals, which in fact were the proceeds of the fraud scheme.

*Attempted Fraudulent Wire Transfer from Company E*

13.     It was further part of the scheme that, in approximately March 2018, defendant ADEPOJU and co-schemers emailed Company E, purporting to be Company E's Chief Executive Officer. The email, sent from ceo.server@comcast.net, requested a wire transfer of $15,000. Company E employees did not wire any funds after receiving the email.

14.     It was further part of the scheme that defendant ADEPOJU concealed, misrepresented, and hid, and caused to be concealed, misrepresented and hidden, the existence, purpose and acts done in furtherance of the scheme.

5

*Execution of the Scheme*

15.     On or about February 2, 2017, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

**RIDWAN ADELEKE ADEPOJU**
also known as "Leke Babatunde,"
"Ridwan Babatunde," and "Charles Dollar,"

defendant herein, for the purpose of executing the above-described scheme, knowingly transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, and signals to the Northern District of Illinois by way of a location outside of Illinois, namely, an email to an employee of Company A seeking copies of W-2 forms for Company A's employees;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The SPECIAL JULY 2021 GRAND JURY further charges:

1.    Paragraphs 1 through 14 of Count One are realleged here.

2.    On or about February 9, 2017, at Rosemont, in the Northern District of Illinois, Eastern Division, and elsewhere,

RIDWAN ADELEKE ADEPOJU<br>
also known as "Leke Babatunde,"<br>
"Ridwan Babatunde," and "Charles Dollar,"

defendant herein, for the purpose of executing the above-described scheme, knowingly transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, and signals to the Northern District of Illinois by way of a location outside of Illinois, namely, an email to an employee of Company C seeking copies of W-2 forms for Company C's employees;

In violation of Title 18, United States Code, Section 1343.

## COUNT THREE

The SPECIAL JULY 2021 GRAND JURY further charges:

1.     Paragraphs 1 through 14 of Count One are realleged here.

2.     On or about February 13, 2017, in the Northern District of Illinois, Eastern Division, and elsewhere,

RIDWAN ADELEKE ADEPOJU
also known as "Leke Babatunde,"
"Ridwan Babatunde," and "Charles Dollar,"

defendant herein, for the purpose of executing the above-described scheme, knowingly transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, and signals from Nigeria to the United States, namely, the unauthorized electronic filing of a tax return for tax year 2016 for Employee A.B., who resided in the Northern District of Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT FOUR

The SPECIAL JULY 2021 GRAND JURY further charges:

1. Paragraphs 1 through 14 of Count One are realleged here.

2. On or about March 29, 2018, at Wheeling, in the Northern District of Illinois, Eastern Division, and elsewhere,

RIDWAN ADELEKE ADEPOJU
also known as "Leke Babatunde,"
"Ridwan Babatunde," and "Charles Dollar,"

defendant herein, for the purpose of executing the above-described scheme, knowingly transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, and signals to the Northern District of Illinois by way of a location outside of Illinois, namely, an email to an employee of Company E seeking a wire transfer of $15,000;

In violation of Title 18, United States Code, Section 1343.

## COUNT FIVE

The SPECIAL JULY 2021 GRAND JURY further charges:

Beginning on or about February 2, 2017, and continuing through at least on or about February 9, 2017, in the Northern District of Illinois, Eastern Division, and elsewhere,

RIDWAN ADELEKE ADEPOJU
also known as "Leke Babatunde,"
"Ridwan Babatunde," and "Charles Dollar,"

defendant herein, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, namely, Employee A.B.'s name and social security number, during and in relation to an offense under Title 18, United States Code, Section 1343, as described in Counts Two and Three of this indictment, knowing that the means of identification belonged to another person;

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT SIX

The SPECIAL JULY 2021 GRAND JURY further charges:

Beginning on or about February 2, 2017, and continuing through at least on or about February 9, 2017, in the Northern District of Illinois, Eastern Division, and elsewhere,

RIDWAN ADELEKE ADEPOJU
also known as "Leke Babatunde,"
"Ridwan Babatunde," and "Charles Dollar,"

defendant herein, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, namely, Employee M.B.'s name and social security number, during and in relation to an offense under Title 18, United States Code, Section 1343, as described in Count Two of this indictment, knowing that the means of identification belonged to another person;

In violation of Title 18, United States Code, Section 1028A(a)(1).

## FORFEITURE ALLEGATION

The SPECIAL JULY 2021 GRAND JURY further alleges:

1.    Upon conviction of an offense in violation of Title 18, United States Code, Sections 1343, as set forth in this Indictment, defendant shall forfeit to the United States of America any property that constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(D) and Title 28, United States Code, Section 2461(c).

2.    The property to be forfeited includes, but is not limited to, a personal money judgment in an amount equal to the proceeds derived from the offenses in violation of Title 18, United States Code, Section 1343.

3.    If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the

United States of America shall be entitled to forfeiture of substitute property, as provided by Title 21, United States Code Section 853(p).

A TRUE BILL:

_____

FOREPERSON

_____

signed by Matthew F. Madden on behalf of the
UNITED STATES ATTORNEY

13